UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEIRDRE KIELY, GREG MAY, and VALERIE MEFFERT, on behalf of themselves and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | CIVIL ACTION |
| v. ) ) | NO. 08-11284 MLW |
| TRIPADVISOR, LLC, ) ) ) | |
| Defendant. ) | |

*Allowed*

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT

This matter came on for hearing upon the Court's Order of May 11, 2011 ("Preliminary Approval Order") following Plaintiffs' Motion for Preliminary Approval of the Stipulation of Settlement of Class Action and Release of Claims (the "Settlement Agreement"). Due and adequate notice having been given to the Settlement Class, and the Court having considered all papers filed and proceedings had herein, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the above-captioned matter and over the Class Representatives, the Settlement Class, and TripAdvisor.

3. The Court grants final approval of the parties' Settlement Agreement.

4. The Court finds that distribution by first-class mail of the Notice of Proposed Class Action Settlement and Final Approval Hearing and Claim Form constituted the best notice

practicable under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law. Based on the materials submitted in conjunction with the Final Approval Hearing, the actual notice to the Settlement Class was adequate. These papers informed the Settlement Class members of the terms of the Settlement, their right to claim a share of the settlement proceeds, their right to object to or opt out of the Settlement Agreement, and their right to appear in person or by counsel at the Final Approval Hearing. Adequate periods of time were provided by each of these procedures. No Settlement Class members objected to the Settlement Agreement and only three individuals opted out of the Settlement Agreement.

5.  The Court finds that, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, TripAdvisor provided notice of this Settlement to the Attorney General of the United States and the Attorneys General of each state where a member of the Settlement Class resides. The Court further finds that this notice was valid and satisfied the requirements of 28 U.S.C. § 1715. Any attempt by any Settlement Class member to void or avoid the terms of the Settlement based on an argument that TripAdvisor failed to provide the notice required by CAFA is therefore barred.

6.  The Court finds, for purposes of settlement only, that the Settlement Class satisfies the applicable standards for certification under Fed. R. Civ. P. 23(a) and 23(b)(3). Accordingly, solely for purposes of effectuating this settlement, this Court FINALLY CERTIFIES the following class (and sub-classes):

> All persons who worked for TripAdvisor as web content editors and were classified by TripAdvisor as independent contractors rather than employees between January 1, 2005 and June 16, 2009, with the following (potentially overlapping) sub-classes: (a) individuals within the Class who performed work inside Massachusetts; (b) individuals within the Class who performed work outside Massachusetts; (c) individuals within the Class whose position was eliminated in 2009; and (d) individuals within the Class whose position was not eliminated in 2009.

Excluded from the Settlement Class are those persons who timely and validly opted out of the Settlement Class.

7. The named plaintiffs, Deidre Kiely, Greg May and Valerie Meffert, are adequate class representatives of the Settlement Class, and the Court therefore hereby appoints the named plaintiffs as the representatives of the Settlement Class.

8. As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (iii) Class Counsel's knowledge of the applicable law; and (iv) the resources Class Counsel has committed to representing the Settlement Class. Based on these factors, the Court finds that Class Counsel has and will continue to fairly and adequately represent the interests of the Settlement Class. Accordingly, the Court appoints Lichten & Liss-Riordan, P.C. as Class Counsel with respect to the Settlement Class in this action.

9. The Settlement Agreement was entered into in good faith, at arm's length, and without collusion. The Settlement Agreement was the result of intensive arm's-length negotiations among highly experienced counsel, with full knowledge of the risks inherent in this litigation, and was reached with the assistance of a highly qualified, impartial mediator.

10. The Court approves the settlement of the above-captioned action, and each of the releases and other terms set forth in the Settlement Agreement, as fair, just, reasonable and adequate to the Settlement Class, the Class Representatives, and TripAdvisor (collectively, the "Settling Parties"). The Settling Parties and their counsel are directed to perform in accordance with the terms set forth in the Settlement Agreement.

11. All of the claims in the above-captioned matter are dismissed. Except as to any individual claim of those persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Settlement Class, all of the claims asserted in the above-captioned matter are dismissed with prejudice as to the Class Representatives and the Settlement

Class members. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and this Order.

12.     By this Order and Judgment, the Class Representatives, and each Settlement Class member who has not validly and timely requested exclusion from the Settlement Agreement by opting out ("Participating Class Member"), and each of the Class Representatives' and Participating Class Members' respective heirs, spouses, executors, administrators, successors, assigns, employees, agents, representatives, and any and all other persons or entities acting under the supervision, direction, control or on behalf of any of the foregoing (collectively, the "Class Representative Releasors"), shall be deemed to have, and by operation of the Judgment upon the Effective Date shall have fully, finally, and forever released and discharged, TripAdvisor, and each of its past and present parents, subsidiaries, divisions, affiliates, co-venturers, directors, officers, shareholders, owners, employees, agents, representatives, attorneys, predecessors, successors and assigns, and any and all other persons or entities acting under the supervision, direction, control or on behalf of any of the foregoing (collectively, the "TripAdvisor Releasees"), of and from any and all manner of legal or equitable action or causes of action, suits, claims, debts, liabilities, charges, losses, demands, obligations, guarantees, torts, contracts, agreements, promises, liens, damages, liquidated damages, restitution, interest, penalties, attorneys' fees, costs and expenses of any kind or nature whatsoever, known or unknown, fixed or contingent, which the Class Representative Releasors now have or ever had against the TripAdvisor Releasees, or any of them, arising out of, relating to, or in connection with the matters alleged or that could have been alleged in this action relating to the facts stated in the Complaint filed by the Class Representatives against TripAdvisor, including, without limitation, all federal and state statutory claims and common law claims arising out of, relating to, or in connection with the Class Representatives' contentions in this action that: (1) TripAdvisor misclassified certain web content editors as independent contractors rather than employees; (2) TripAdvisor wrongfully denied certain web content editors' participation in certain of its ERISA

benefit plans; and (3) TripAdvisor wrongfully terminated the employment of certain web content editors after the filing of this action (the "Released Claims").

13. By this Order and Judgment, Deirdre Kiely, Greg May and Valerie Meffert, in each of their respective individual capacities, for themselves and on behalf of their heirs, spouses, executors, administrators, successors, assigns, employees, agents, representatives, and any and all other persons or entities acting under the supervision, direction, control or on behalf of any of the foregoing, shall be deemed to have, and by operation of this Judgment upon the Effective Date shall have fully, finally and forever released and discharged the TripAdvisor Releasees of and from any and all manner of legal or equitable action or causes of action, suits, claims, debts, liabilities, charges, losses, demands, obligations, guarantees, torts, contracts, agreements, promises, liens, damages, liquidated damages, restitution, interest, penalties, attorneys' fees, costs and expenses of any kind or nature whatsoever, known or unknown, fixed or contingent, which each of them respectively now has, or ever had against the TripAdvisor Releasees, or any of them, arising out of, relating to, or in connection with any matter whatsoever (the "Class Representatives' Released Claims").

14. By this Order and Judgment, Class Counsel shall be deemed to have, and by operation of the Judgment upon the Effective Date shall have finally, fully and forever released and discharged TripAdvisor from any claims, causes of action, demands, rights, and liabilities of every nature and description for attorneys' fees, costs, and expenses arising from or related to the above-captioned action (the "Class Counsel Released Claims").

15. Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement: (i) is or may be deemed or used as an admission of, or evidence of, the validity of any Released Claim or Class Representatives' Released Claim, any wrongdoing or liability of TripAdvisor or any of the TripAdvisor Releasees, or whether class or collective action certification is warranted in any other litigation; or (ii) is or may be deemed or used as an admission of, or evidence of, any fault or omission of TripAdvisor or any of the TripAdvisor Releasees in any civil, criminal or administrative

proceeding in any court, administrative agency or other tribunal. TripAdvisor may file the Judgment from the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. This action is dismissed on the merits and with prejudice, permanently barring the Settlement Class members (other than those who timely and validly opted out) from prosecuting any of the Released Claims, the Class Representatives from prosecuting any of the Released Claims or Class Representatives' Released Claims, and Class Counsel from prosecuting any of the Class Counsel's Released Claims.

17. The Court finds that the plan of allocation set forth in the Settlement Agreement is fair and reasonable and that distribution of the Class Settlement Fund shall be done in accordance with the terms outlined in the Settlement Agreement.

18. TripAdvisor has agreed to pay from the Class Settlement Fund: (i) Class Counsel their reasonable attorneys' fees and costs in this matter; and (ii) an enhancement to each Class Representative to compensate them for their unique services. The Court finds that these payments are fair and reasonable. Accordingly, the Court hereby awards to Class Counsel $116,000 for attorneys' fees and costs.

19. The Court hereby approves payment of an enhancement award of $10,000 to lead plaintiff Deidre Kiely and payment of enhancement awards of $5,000 each to Class Representatives Greg May and Valerie Meffert to compensate them for their unique services in initiating and maintaining this litigation.

20. TripAdvisor is directed to make the foregoing payments to Class Counsel and the Class Representatives upon the Effective Date in accordance with the terms of the Settlement Agreement. Those payments will come out of the total Class Settlement Fund provided for in the Settlement Agreement.

A/73876785.1

21.     This matter is hereby dismissed on the merits with prejudice. Without affecting the finality of this Order and Judgment in any way, the Court reserves and retains exclusive and continuing jurisdiction over the above-captioned matter, the Class Representatives, the Settlement Class, and TripAdvisor for the purposes of (i) implementation of the Settlement Agreement; (ii) distribution of the Class Settlement Fund; and (iii) all other proceedings related to the implementation and enforcement of the terms of the Settlement Agreement.

22.     This document shall constitute a judgment for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.

Dated: August 10, 2011

_____
The Honorable Mark L. Wolf
Chief Judge, United States District Court

## ATTACHMENT A

The following individuals validly and timely requested exclusion from the Settlement Class:

Josh Silverstein
Blanca Estela Salvini
Susan Mojica

8

A/73876785.1